UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KRISTY KEIRSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:24-cv-126-SNLJ |
| v. | ) |
| | ) |
| PAUL HOPKINS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM and ORDER

Plaintiff Kristy Keirsey, *pro se*, filed this lawsuit against defendants seeking damages for injuries allegedly related to her employment as a dental hygienist at the John J. Pershing Facility for the Department of Veterans Affairs in Poplar Bluff, Missouri (the "VA"). She claims that the various defendants violated the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671, et seq ("FTCA"); the 5th and 14th Amendments of the United States Constitution; Title VII, 42 U.S.C. §§ 2000e et seq.; Title II, 42 U.S.C. §§ 2000a et seq.; and Title III, 42 U.S.C. §§ 2000b et seq..

The defendants moved to dismiss and moved to substitute government agencies as defendants [Doc 11, Doc. 13]. Plaintiff opposes both motions. Plaintiff also filed a motion for leave to amend her complaint [Doc. 20], apparently in response to both the motion to dismiss and the motion to substitute. Defendants oppose the motion for leave to file an amended complaint. Plaintiff has not filed a reply memorandum in support of the motion for leave, and the time for doing so has passed.

## I. Background

Plaintiff is, or was at the relevant time, a registered dental hygienist at a VA facility in Poplar Bluff, Missouri. She contracted COVID in late November/early December 2020 and returned to work on December 7. She received the COVID vaccination on December 23, 2020, despite expressing her concern that she had only recently recovered from a COVID infection. She alleges that the person who administered the vaccination, defendant Ashley Lepold, told her she could safely get the vaccine so long as she did not have a fever. Plaintiff alleges that receiving the vaccine caused her unspecified injuries and that she filed a workers' compensation claim with the Department of Labor's Office of Workers' Compensation Programs ("OWCP").

Plaintiff's next allegations are somewhat murky. For clarity, this Court will attempt to organize them as a bulleted list:

- Another defendant, claims examiner "Kimberly M.," sent plaintiff for a second opinion after her workers' compensation claim was accepted, Kimberly M. did not send her medical documentation. Kimberly M. sent only 85 hand-picked pages of the 700 pages in plaintiff's medical case file. Only 200 pages were eventually sent, and those pages included films that were not readable.

- Kimberly M. also told defendant Edwina Dickerson that plaintiff's injuries were not work related.

- Plaintiff requested "Reasonable Accommodation," but plaintiff does not explain what conditions she needed accommodating. Regardless, she says

2

the accommodation was approved by her supervisor, nonparty Dr. Dennis, but that defendants LaWanda Newton and Angela Smith told defendant director Paul Hopkins not to sign it.

- Plaintiff was assigned a new supervisor, defendant Dr. Buerschen, who called a meeting about the accommodation request. The meeting was never completed.

- Plaintiff's accommodation was never allowed, and she was "kept in conditions against [her] provider's advice" until April 2023, when "Workers Compensation provided [her] a light duty assignment." [Doc. 6 at 7.]

- Defendant Dickerson told defendant claims examiner Kimberly M. that plaintiff was claiming preexisting conditions, but plaintiff's only preexisting conditions were allergies.

- Defendant Newton, a human resources employee, "willfully discriminated" against plaintiff. Plaintiff does not explain what she did to discriminate against her.

- Dr. Buerschen allowed COVID-positive patients into the Dental Clinic, and plaintiff says she reported it. This caused defendants Newton and Smith to "attack" plaintiff. Defendants Newton and Smith refused to process lost time for her work-related injury.

- Plaintiff reported the "targeting" to "OAWP," but OAWP said plaintiff had to file an "EEO complaint," and "they closed out [her] complaint." [Doc. 6 at 7.]

- Plaintiff was given a right-to-file letter on June 17, 2024.

- Plaintiff had a "mediation meeting," but Dr. Buerschen "refused to negotiate by stating he wouldn't talk about anything that happened except for the last three months."

- Defendant Newton tried to get plaintiff to sign a new accommodation form, but plaintiff told her no because she already had an approved accommodation.

- Plaintiff named the "Deputy Solicitor of Labor Front Office U.S. Department of Labor," Elena Goldstein, as a defendant because "we are not allowed to know the full names of claims examiners, and plaintiff wants to serve defendant Goldstein so that she can provide the summons to Kimberly M. or otherwise provide her address.

- Plaintiff is not filing with the EEOC "because the people behind these attacks are improperly talking to judges without both representatives present and are too heavily involved in decisions." [Doc. 6 at 8.]

- Plaintiff believes "the Office of the General Council is the one coordinating these attacks." [*Id.*]

Plaintiff seeks $2 million dollars for physical injury, financial compensation, and compensation for emotional injuries. Plaintiff states it was medical negligence for defendant Lepold to vaccinate her 16 days after a COVID infection. She states Kimberly M. violated 18 U.S.C. § 1922[1] and that she incurred physical harm and $15,000 in legal fees. She states that she filed a complaint with Senator Josh Hawley's office "and it was found that I was denied due process." [Doc. 6 at 7.] Plaintiff lists the following federal statutes and constitutional provisions as the basis for federal jurisdiction:

> FTCA, 28 U.S.C §§ 2671-2680
> 14th Amendment
> Title II, III, VIII of the Civil Rights Act of 1964
> Fifth Amendment Due Process

[Doc. 6 at 3.]

The defendants filed a motion to dismiss and a motion to substitute statutory defendants for those named in the complaint. As part of those motions, they added information regarding plaintiff's vague allegations regarding her pursuit of administrative and other remedies. The defendants state that plaintiff filed a grievance with the VA pursuant to an agreement between the VA and the American Federal of Government Employees (the "AFGE" or the "Union") on January 23, 2024. The VA responded and the Union invoked arbitration on February 6, 2024. On June 17, 2024, plaintiff received a "Notice of Right to File for EEO Complaint" from the VA. Although plaintiff alleges

---

[1] This is a criminal statute titled "Crimes and Criminal Procedure, False or withheld report concerning Federal employees' compensation."

5

that she did not file a complaint with the EEOC, she filed such a complaint on June 25, 2024. On July 29, 2024, the EEOC dismissed the claim "pursuant to 29 C.F.R. § 1614.107(a)(4) for raising the same matter in the negotiated grievance process" and accepted her claim that she "was discriminated against based on Disability when on April 5, 2024, [she] was denied her request for restoration of leave."

## II. Legal Standard

The Court will first focus on the defendants' motion to dismiss. The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a

6

"mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

As for defendants' motion under Rule 12(b)(1), "when ruling on a Rule 12(b)(1) motion, the Court may consider materials outside the pleaded allegations of the complaint." *Doe v. United States*, 2022 WL 898788, at *3 (E.D. Mo. Mar. 28, 2022). This means that "[a] district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of the three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (citations omitted).

### III.   Discussion

Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), (5), and (6). This Court focuses on Rule 12(b)(1) and (6). Because plaintiff has filed a motion for leave to file a second amended complaint, apparently in response to both defendants' motion to dismiss and their motion to substitute proper party, this Court will consider the three motions together. Although Rule 15 provides that this Court should grant leave to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), courts deny leave to amend where granting the motion is futile. *See Knapp v. Hanson*, 183 F.3d 786, 790 (1999).

Plaintiff's initial complaints do not specify whether she names the defendants in their official or individual capacities. Thus, it is presumed that the defendants are sued in

7

their official capacities. *Artis v. Francis Howell North Bank Booster Ass'n*, 161 F.3d 1178, 1182 1998). Plaintiff's proposed second amended complaint [Doc. 20-1] adds that the defendants are sued in their individual capacities. Plaintiff adds some facts to the proposed amended complaint as well as reference to a *Bivens* action for First and Fifth Amendment claims. But most of the amendments constitute argument regarding the propriety of service, argument that the Federal Employees Compensation Act ("FECA") "caused the plaintiff harm," references to allegations in other filings, and argument regarding workers' compensation coverage.

This Court concludes that plaintiff's complaint should be dismissed for multiple reasons described below.

### a. Relevant statutes and constitutional provisions

Plaintiff states that she brings her claims under the Federal Tort Claims Act, the Civil Rights Act of 1967, and the Fifth and Fourteenth Amendments to the Constitution. As discussed below, plaintiff cannot maintain claims under any of these statutes or amendments under the facts alleged in her complaint.

### 1. Due process claims

The Court first observes that plaintiff's due process claims are not cognizable under the circumstances presented under either the Fifth or Fourteenth Amendments. The Fourteenth Amendment applies to actions by state actors, not the federal government. *San Francisco Arts & Ath., Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542 n. 21 (1987). "It is beyond dispute that the fourteenth amendment has no application in a case such as this where the constitutional violations are alleged to have

8

been committed by federal officers." *White v. Hopkins*, 2024 WL 3272931, at *6 (E.D. Mo. July 2, 2024) (citations and quotations omitted).

Plaintiff's Fifth Amendment claim must also be dismissed because the doctrine of sovereign immunity bars it, and *Bivens* does not extend to Fifth Amendment, non-gender discrimination, Due Process claims. Sovereign immunity "refers to a general rule that the government cannot be sued unless it allows itself to be sued." *Claude v. Smola*, 263 F.3d 858, 860 (8th Cir. 2001). However, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) held that plaintiffs may sue federal officials under certain circumstances, and *Davis v. Passman*, 442 U.S. 228 (1979), extended it to gender discrimination claims under the Fifth Amendment's Due Process Clause. *Cuyler v. McDonough*, 2022 WL 21737653, at *7 (M.D. Fla. Oct. 20, 2022). Plaintiff appears to invoke *Bivens* in her proposed second amended complaint, but *Bivens* does not extend to Due Process claims where "Congress had created an 'elaborate, comprehensive scheme that encompasses substantive provisions forbidding [allegedly illegal actions] by supervisors and procedures – administrative and judicial – by which improper action may be addressed . . . .'" *Andrzejewski v. United States Postal Serv.*, 636 F. Supp. 758, 761 (E.D. Mo. 1986) (quoting *Bush v. Lucas*, 462 U.S. 367, 385 (1983)). That is the case here.

Plaintiff alleges that defendants violated her "Due Process" rights in processing her reasonable accommodation request, but Congress has already provided a private cause of action "to persons subjected to handicap discrimination by the federal government and its agencies" through the Rehabilitation Act of 1973. *Gardner v. Morris*,

9

752 F.2d 1271, 1277 (8th Cir. 1985). "Discrimination under the Rehabilitation Act encompasses both disparate treatment because of a disability and failure to provide reasonable accommodations to a qualified individual's known disability." *Johnson v. Robert McDonald, Secretary, Department of Veterans Affairs*, 2016 WL 3997072, at *4 (E.D. Mo. July 26, 2016). Moreover, "the 1978 amendments to the Rehabilitation Act incorporated by reference the provisions of § 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (1982), as the exclusive vehicle for judicial remedy of claims of discrimination in federal employment." 752 F.2d at 1277. "Section 717 requires that the claimant exhaust administrative remedies before filing a § 717 discrimination claim in court." *Id*. The exhaustion of administrative remedies' requirement also applies to claims under the Rehabilitation Act. *Morgan v. United States Postal Serv*., 798 F.2d 1162, 1165 (8th Cir. 1986). By amending the Rehabilitation Act to allow federal employees to bring private causes of action for failure to accommodate, Congress provided plaintiff an administrative and judicial process for resolving their disputes. Consequently, Bivens does not extend to plaintiff's "Due Process" claim.

Nor may this Court extend *Bivens* to a First Amendment claim, as suggested by plaintiff, as the Supreme Court has recently held no such claim is available. *Egbert v. Boule*, 596 U.S. 482, 498 (2022).

As a result, none of plaintiff's due process claims are cognizable, and they will be dismissed.

### 2. FTCA and Civil Rights Act claims

That leaves plaintiff's claims under the FTCA and Titles II, III, and VII of the Civil Rights Act. To bring a tort claim against the government, plaintiff was required to present her claim to the appropriate federal agency and have the tort claim denied by the agency. *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (citing 28 U.S.C. § 2675(a)). Plaintiff has not done so here. Furthermore, FECA is the exclusive remedy for federal employees suffering work-related disability or death. *Pourier v. United States*, 138 F.3d 1267, 1267-68 (8th Cir. 1998) (citing, 5 U.S.C. §§ 8102(a) and 8116(c)). "[C]ourts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies," *Southwest Marine v. Gizoni*, 502 U.S. 81, 90 (1991), even if no compensation is awarded. Thus, to the extent plaintiff's purported FTCA claims are based on her work-related injury, FECA preempts her claim, and the claim must be dismissed.

Plaintiff's Civil Rights Act claims are facially defective because she does not allege that defendants discriminated against her based on protected characteristics. All three types of claims under Titles II, III, and VII require allegations that the defendants discriminated against the plaintiff based on the plaintiff's "race, color, religion, or national origin." *White*, 2024 WL 3272931 at *7-8. Plaintiff makes no such allegations here. Nor has plaintiff exhausted her administrative remedies required to bring a Title VII claim. *See Green v. Brennan*, 136 S.Ct. 1769, 1775 (2016).

Plaintiff's claims under the FTCA and Civil Rights Act must therefore also be dismissed.

11

### b. Individual allegations and claims

Many of plaintiff's claims must also be dismissed simply because she does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff identifies nine individual defendants: Elena Goldstein (Deputy Solicitor of Labor Front Office), Gregory Buerschen (Dental Chief and Supervisor), Kimberly M. (Department of Labor Claims Examiner), Denis McDonough (Secretary of Veteran Affairs), Paul Hopkins (Director), Angela Smith (Senior Strategic Business Partner Human Resources), and Ashley Lepold (Environment of Care/Safety). Setting aside the question of this Court's jurisdiction that arises from plaintiff's alleged failure to name the proper parties, none of the allegations against these individuals suffices to state a claim under any legal theory. Plaintiff's amended complaint fares no better. Each defendant is discussed in turn below.

Plaintiff admits she has no claim against defendant Goldstein. She states that she names her as a defendant only so that she can serve defendant Kimberly M. "[A] plaintiff must allege facts connecting the defendant, or defendants, to the challenged action." *Key v. Spears*, 2024 WL 2803397, at *4 (E.D. Mo. May 31, 2024) (citing *Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019)). Plaintiff has not done so here, and thus any claims against defendant Goldstein must be dismissed.

Plaintiff's allegations involving defendant Buerschen are that she was retaliated against by other defendants for reporting that Buerschen allowed COVID-positive patients into the dental clinic, that he stopped a meeting, and that he limited a meeting to

12

matters only involving the prior three months.  It is not clear how any of those allegations could amount to any claim against defendant Buerschen.

Plaintiff claims defendant Newton "willfully discriminated" against plaintiff, that she told defendant director Paul Hopkins not to sign plaintiff's accommodation form, that she retaliated against plaintiff by refusing to process lost time for plaintiff's work-related injury, and she tried to get plaintiff to sign a new accommodation form.  To the extent plaintiff could even bring a discrimination claim against Newton, plaintiff does not allege facts to support that she was a member of a protected class or how the other actions she alleges were discriminatory.  Plaintiff never describes the accommodations she alleges were approved nor the accommodations she says defendant Newton tried to get her to accept.

Plaintiff's only allegation against defendant Dickerson is that she told defendant claims examiner Kimberly M. that plaintiff was improperly claiming preexisting conditions.  Plaintiff says her only preexisting conditions were allergies.  Plaintiff appears to claim that defendant Dickerson somehow thwarted plaintiff's workers' compensation claim in violation of plaintiff's due process rights, but even if plaintiff had pleaded enough facts to make a due process claim, those claims are unfeasible as discussed above.

Plaintiff alleges that defendant Kimberly M., workers' compensation claims examiner, falsely reported to defendant Dickerson that plaintiff's injuries were not work related. Plaintiff also alleges Kimberly M. did not send the correct medical file when plaintiff was sent for a second opinion.  Plaintiff does not offer any details whatsoever about her alleged vaccine-related injury, and no information is pleaded regarding the

13

nature of any of Kimberly M.'s communications or how they could support a claim against her under any of the proffered statutes or amendments.  As with any claim against defendant Dickerson pertaining to violation of plaintiff's due process rights concerning plaintiff's workers' compensation claim, any such claims are unfeasible.

Plaintiff alleges that defendant Angela Smith, the VA's Senior Strategic Business Partner for Human Resources, falsely reported to Hopkins that plaintiff's requested accommodation was not properly vetted and that Smith also refused to process plaintiff's lost time.  To the extent plaintiff seeks to bring a claim under the FTCA or Civil Rights Act, and to the extent these facts could somehow set out such claims, this Court has already determined those claims are not available under the circumstances alleged.

Plaintiff alleges that Ashley Lepold administered her COVID vaccination in December 2020 and that doing so with knowledge that plaintiff had recently had a COVID infection was "medical negligence." Plaintiff does not provide any further facts or information, nor even allegations regarding plaintiff's injuries or how they were caused by the timing of her COVID vaccine.  However, as already indicated above, plaintiff's claims are not cognizable under the FTCA.  The Federal Employees Compensation Act, 5 U.S.C. § 8101, et seq., is the exclusive remedy for federal employees suffering work-related disability or death. *Pourier v. United States*, 138 F.3d 1267, 1267-68 (8th Cir. 1998) (citing, 5 U.S.C. §§ 8102(a) and 8116(c)).

Plaintiff makes no allegations regarding Denis McDonough, the Secretary of Veteran Affairs.  Although it may be that plaintiff intends to name McDonough as the

14

agency secretary in order to bring a claim against the VA itself, this Court has already determined that no such cognizable claim exists under the facts alleged.

Similarly, plaintiff makes few allegations about Paul Hopkins, director of the VA facility where plaintiff works. Plaintiff alleges only that Hopkins was told not to sign plaintiff's accommodation request. These facts fail to set out any claim against Hopkins.

In sum, plaintiff fails to connect the defendants or the allegations against them with the two statutes and two constitutional amendments under which she brings her claims. Even so, any claims under those provisions are not cognizable, as discussed above.

### c. Proper service

Although the Court has ample reason to dismiss plaintiff's complaint and deny leave to file the proposed second amended complaint, in the interests of justice, the Court will also address defendants' arguments about proper service.

Defendants argue that plaintiff failed to properly serve the complaint because the summons delivered to the defendants did not contain both the clerk's signature and the Court's seal. It appears that, after plaintiff filed her complaint, she printed the summonses that were returned to her by the Court's electronic case filing system and sent those when she served the complaint. Because they were the summonses plaintiff had attached to her complaint to be filed with the Court, they did not have the clerk's signature or seal. According to the docket sheet, the clerk's office did email plaintiff the official summonses, but plaintiff sent the wrong summons. Plaintiff sought the proper summonses from the clerk's office after receiving the defendant's motion to dismiss, and

15

it appears she has now sent the proper signed and sealed summonses. However, although defendants concede in their reply brief that she remedied that defect, they also note that she improperly served the summonses herself. Rule 4(c)(2) states that "any person who is at least 18 years old <u>and not a party</u> may serve a summons and a complaint." (Emphasis added.) The Rule also requires that a plaintiff suing a federal employee in either his individual or official capacity serve both the United States and the individual. Fed. R. Civ. P. 4(i); *see also* Fed. R. Civ. P. 4(i)(2) (requiring registered or certified mail for service on employee sued in official capacity). Plaintiff appears to argue that because the defendants have (mostly) received actual notice of the lawsuit against them, that the defendants' arguments in this regard are specious. However, the Federal Rules may not be ignored by this Court. Plaintiff herself served the complaint and summonses, and she did not follow the federal rules regarding service on federal employees. Where a defendant has been "improperly served, the district court lack[s] jurisdiction over that defendant whether or not it had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).

As a result, service was defective, and this Court must dismiss for lack of jurisdiction.

## IV. Conclusion

Because this Court finds that granting plaintiff leave to file the proposed second amended complaint would be futile, the motion for leave is denied. Defendants' motion to dismiss shall be granted, and the motion to substitute denied as moot.

16

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to substitute party is DENIED as moot.

IT IS FINALLY ORDERED that plaintiff's motion for leave to file an amended complaint is DENIED.

Dated this 15th day of January, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE