UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KRISTY KEIRSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 1:24-cv-00126-SNLJ |
| PAUL HOPKINS, et al | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motion for an Indicative Ruling [Doc. 41] on plaintiff's Motion for Relief from Judgment and for Reconsideration [1] [Doc. 24]. Plaintiff opposes the request for an indicative ruling, although she concedes this Court has the authority to issue such a ruling [Doc. 45]. Instead, plaintiff asks this Court to rule on the merits of her motion. For the reasons stated below, the Motion for an Indicative Ruling will be granted.

**I. BACKGROUND**

Plaintiff Kristy Keirsey, *pro se*, filed this lawsuit against defendants seeking damages for injuries allegedly related to her employment as a dental hygienist at the John J. Pershing Facility for the Department of Veterans Affairs in Poplar Bluff, Missouri. She claims that the various defendants violated the Federal Tort Claims Act (28 U.S.C.

---

[1] Plaintiff's motion is titled "Plaintiff Motion for Relief from Judgment Order and Reconsideration," but it will be referred to in this Order as a Motion for Relief from Judgment and for Reconsideration.

§ 2671-2680), the Fifth and Fourteenth Amendments, Titles II, III, and VII of the Civil Rights Act of 1964.  [Docs. 1, 6].  On January 15, 2025, this Court entered an Order dismissing this case on the grounds that the due process claims are not cognizable, the FTCA claim is preempted by FECA, plaintiff failed to allege sufficient facts to support the civil rights claims under Titles II, III, and VII, and service was defective.  [Docs. 22, 23].  Additionally, the Court denied plaintiff's motion for leave to file a second amended complaint because it would be futile to grant the motion.  [Docs. 22, 23].

On January 22, 2025, plaintiff filed a Motion for Relief from Judgment and for Reconsideration [Doc. 24] and a Notice of Appeal [Doc. 26].  Plaintiff's appeal is still pending.  Defendants recently filed the instant motion seeking an indicative ruling from this Court that, if the Court of Appeals remands this case for the limited purpose of ruling on plaintiff's post-judgment motion, it would deny the motion on the merits.  [Doc. 41]. In plaintiff's post-judgment motion, she seeks reconsideration of, and relief from, the Court's final judgment pursuant to Rules 59(e) and 60(b).  [Doc. 24].  Attached to plaintiff's reply is an amended complaint indicating an intent to file a post-judgment motion for leave to amend.  [Docs. 29-18, 29-19]. The Court will address that issue along with the request for an indicative ruling.

## II.  LEGAL STANDARDS

Under Rule 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion, (2) deny the motion, or (3) state that it would grant the motion if the court of appeals remands for that purpose . . . ."  Fed. R. Civ. P. 62.1(a).

2

Rule 59(e) grants a district court the power to "rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982).  A Rule 59(e) motion may be brought to correct manifest errors of law or fact or to present newly discovered evidence.  *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  Such motions cannot be used to introduce new arguments or evidence that the moving party could have raised before the decision issued.  *Banister v. Davis*, 590 U.S. 504, 508 (2020).  A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).  For newly discovered evidence, the movant must show that (1) the evidence was discovered after the court's order; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result.  *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).  It is not intended to be a vehicle for seeking reconsideration of merits arguments that were previously considered by the court.  *Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999).  Rule 60(b)(2) states in relevant part, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due

3

diligence could "not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). On the issue of newly discovered evidence, Rules 59(e) and 60(b)(2) are analyzed identically. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933, n. 3 (8th Cir. 2006); *see also U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (discussing factors to be shown under Rule 60(b)(2)).

Rule 15 allows a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal." *Briehl v. General Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999). "District courts in this circuit have considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823-24 (8th Cir. 2009). "Leave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742–43 (8th Cir. 2014). "However, interests of finality dictate that leave to amend should be less freely available after a final order has been entered." Id. at 823. The moving party must show that the motion was "made within a reasonable time" and there were "exceptional circumstances" warranting "exceptional relief." *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986), cert. denied, 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987). Moreover, the Eighth Circuit has previously

4

held that "unexcused delay is sufficient to justify the court's denial…if the party is seeking to amend the pleadings after the district court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). Likewise, the Eighth Circuit has upheld courts that refused to allow amending the complaint when "the information in the amended complaint was previously available to [plaintiff] and should have been pleaded before the judgment was entered." *Par v. Wolfe Clinic, P.C.*, 70 F.4th 441, 449 (8th Cir. 2023).

### III. DISCUSSION

Upon review of the record and plaintiff's motion, the Court finds plaintiff is not entitled to relief under Rule 59(e) or Rule 60(b). Similarly, there is no need to allow plaintiff to file a new amended complaint subject to Rule 15.

None of the evidence plaintiff presents is "new" except for the information related to her right to sue. Reasonable due diligence prior to this Court's order of dismissal would have allowed plaintiff to obtain and present the evidence. *See* Fed. R. Civ. P. 60(b). Plaintiff fails to show that she exercised due diligence but somehow missed the evidence. [Doc. 28]. Specifically, Keirsey's right to sue letter existed 58 days before this Court issued its decision, and the defendants raised the issue months before. *See* [Doc. 12]. Plaintiff was on notice about the need to amend her complaint as of August 15, 2024 when defendants moved to dismiss the suit. [Docs. 13 and 14]. Indeed, just over a month later, plaintiff moved to amend her complaint, but she still failed to submit the

5

requisite material to survive a motion to dismiss. [Doc. 20]. Waiting until after judgment was entered to submit the requisite information is a clear demonstration of unexcused delay. *Par*, 70 F.4th at 449. *See Moses.com Sec., Inc.*, 406 F.3d at 1065.

Plaintiff Keirsey contends judicial error—not inadvertence—requires reconsideration, but this is not grounds for reconsideration. *Delategera v. Bowersox*, 2015 WL 300379 (E.D. Mo., Jan. 22, 2015). Keirsey misconstrues that the Court found she did not file a complaint with the EEOC, but the Court specifically found that "she filed such a complaint." [Docs. 24, 22]. Moreover, the Court did not simply take the word of the defendants over plaintiff. Plaintiff failed to comply with the Federal Rules of Civil Procedure. [Doc. 22]. Similarly, FECA is a statute and not a party to the suit, and as this Court has already found, Keirsey has not alleged facts connecting former Deputy Solicitor of Labor Elena Goldstein to the suit. [Doc. 22]. Finally, although plaintiff claims there has been an intervening change in law, she has not identified any new case law.

Plaintiff misconstrues the interplay of sovereign immunity and subject matter jurisdiction. Sovereign immunity continues to bar the FTCA claim because plaintiff failed to exhaust administrative remedies before filing this suit. As this court previously noted, "Bivens does not extend to Due Process claims where Congress has created an elaborate, comprehensive scheme that encompasses substantive provisions forbidding [allegedly illegal actions] by supervisors and procedures—administrative and judicial—by which improper action may be addressed." [Doc. 22] (cleaned up). *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Since FECA applies, the Court has

no jurisdiction over the FTCA claim. [Doc. 22].  *See Sw. Marine v. Gizoni*, 502 U.S. 81, 90 (1991).

Plaintiff relies on the Fourth Circuit's ruling in *Clark v. Skinner*, 937 F.2d 123 (4th Cir. 1991), to show that "a cause of action may exist…against…the United States when sued in its capacity as an employer." [Doc. 24].  Her construction of *Clark* is too broad, because *Clark* addressed employers, and this case addresses employees.  *See* [Doc. 28].

Further, no constitutional due process violation has been alleged against Kimberly M., since she submitted the required documents, even if she did not submit all 700 pages of plaintiff's medical record. OWCP Procedure Manual Chapter 3-0500 § 3(c).  *See Pettigrew v. U.S. Dept. of Labor*, 40 F. App'x 289, 290 (7th Cir. 2002).

Finally, plaintiff "raises concerns about potential judicial bias and the competence of the presiding judge . . . affecting the fairness of the proceedings." [Doc. 45 at 2].  She contends this should be considered in the context of her motion for reconsideration.  However, she does not assert any facts demonstrating any bias nor does she elaborate on her conclusory allegation.  Further, she did not file a motion for recusal of the undersigned prior to the dismissal and appeal of this matter.

For the reasons stated above, if the Court of Appeals remands plaintiff's case for the purpose of ruling on her Motion for Relief from Judgment and for Reconsideration, this Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Indicative Ruling [Doc. 44] is **GRANTED** to the extent it seeks an indicative ruling and **DENIED** to the extent it

7

seeks any other relief.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Relief from Judgment and for Reconsideration [Doc. 24] remains **HELD IN ABEYANCE** until the Eighth Circuit Court of Appeals remands the case, at which time it will be denied.

Dated this 11th day of July 2025.

                                            STEPHEN N. LIMBAUGH, JR.
                                            SENIOR UNITED STATES DISTRICT JUDGE