UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KRISTY MICHELLE KEIRSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:24-cv-00126-SNLJ |
| LAWANDA NEWTON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Amended Motion to Show Cause, or in the alternative, for Sanctions. [Doc. 32]. Defendants seek sanctions against plaintiff Kristy Michelle Keirsey and non-party Scotty Lee White based on an allegation that White engaged in ghostwriting documents for Keirsey in this case. There is support for this allegation in document 29 filed by Keirsey. When Keirsey emailed document 29 for filing, she did so by forwarding an email from White that states:

> Kristy, please send the attached documents to [the court via email] and tell them below. Please tag me on.
>
> Clerks, please find the attached reply Opposition to Doc. 28 with exhibits 15-29 with 15-A, 16-A, 18-A
>
> Motion to Amend Complaint and Amended Complaint Case No. 1:24-cv-126-SNLJ[.]

[Doc. 29-21]. White attempts to justify his involvement by claiming he is Keirsey's "assigned representative," and boldly proclaims: "[t]he only way to stop Scotty White from drafting documents with his claimants is to sentence him to jail." [Doc. 34 at 4].

White is not an attorney and is prohibited from representing another person in any federal court.  *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel.").  Keirsey and White cannot rely on his designation to serve as her representative before the Office of Workers' Compensation Programs, pursuant to the Federal Employees' Compensation Act, as authority to act on her behalf in this Court.  *See* Federal Employee Compensation Act, 5 USC § 8127  ("A claimant may authorize an individual to represent him ***in any proceeding under this subchapter before the Secretary of Labor***.") (emphasis added); *see also Iannaccone*, 142 F.3d at 559 (holding that a non-attorney advocates may represent claimants in administrative proceedings before the Social Security Administration, as authorized by 42 U.S.C. § 406(a), 20 C.F.R. § 404.1705(b), and 20 C.F.R. § 416.1505(b), but not in federal court).

Although White admittedly has engaged in ghostwriting pleadings for Keirsey, the Court will not impose sanctions on Keirsey or White at this time.  That said, Keirsey is cautioned that permitting White to ghostwrite pleadings and/or to engage in the unauthorized practice of law to support her in this matter will result in sanctions.  Similarly, White is warned that if he engages in ghostwriting pleadings or the

2

unauthorized practice of law in this Court, he will be sanctioned.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion [Doc. 32] is **GRANTED** to the extent Kristy Michelle Keirsey and Scotty Lee White are reprimanded herein for the filing of ghostwritten pleadings, and all other requested relief is **DENIED**.

**IT IS FURTHER ORDERED** that failure to comply with the terms of this Order will result in the imposition of sanctions.

**SO ORDERED** this 19th day of February, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3